UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                              Case No. 1:03:CR:81-01

JOE LEE RICHARD MACK,                        HON. GORDON J. QUIST

       Defendant.
_____/

## **ORDER**

The Defendant, Joe Lee Richard Mack, pled guilty to being a felon in possession of a firearm. On October 16, 2003, defendant was sentenced to 70 months incarceration. Defendant had a base offense level of 24 in that defendant had two prior convictions for possession with intent to sell/distribute cocaine. There were no other sentencing enhancements in his offense level computation. Defendant was given three points off for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Defendant had a Criminal History Category of V. Defendant did not appeal his sentence. Defendant has now moved for reconsideration of his sentence pursuant to 18 U.S.C. § 3582(c).

Defendant argues that *United States v. Booker*, ___ U.S. ___, 125 S. Ct. 738 (2005) severed 18 U.S.C. § 3553(b)(1) as being unconstitutional. Defendant reasons that this case then, in essence, "effectively lowered the sentencing range applicable to every inmate sentenced after November 1, 1987."

Defendant's argument, however, must be denied for the following reasons:

1.      18 U.S.C. § 3582(c) allows the district court to lower the sentence of a defendant who has been sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . . ."  In the instant case, defendant's sentencing range has not been lowered by the Sentencing Commission.

2.      In defendant's case, there were no facts found by the court which defendant did not admit.  Defendant pled guilty to the indictment, and he received a base offense level of 24 because of two prior drug trafficking convictions.  It is well established that prior convictions need not be proven to a jury beyond a reasonable doubt.  *Booker, Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (2004), and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), do not apply to the Court's findings of fact regarding Petitioner's prior convictions.  *See Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219 (1998).  In *Almendarez-Torres*, the Supreme Court held that recidivism should be treated as a sentencing factor determined by the judge, rather than as a substantive element of the offense determined by the jury.  *See id.* at 243; *United States v. Bradley*, 400 F.3d 459, 463(6th Cir. 2005) ("Even had the parties disputed the fact of Bradley's prior convictions, moreover, his sentence stems from the very type of recidivism enhancement that *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), held need not be charged and proved before a jury.  From *Apprendi* to *Blakely* to *Booker*, the Court has continued to except such factfinding from the requirements of the Sixth Amendment.  *See Booker*, 125 S. Ct. at 756 ('Accordingly, we reaffirm our holding in *Apprendi*: Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a

reasonable doubt.')"); *see also Shepard v. United States*, __ U.S. __, 125 S. Ct. 1254, 1262 (2005)

(recognizing that *Almendarez-Torres* is still good law after the *Blakely* and *Booker* decisions).

Therefore, defendant's motion under 18 U.S.C. § 3582(c) is hereby denied.


Dated:  May 24, 2005                           _____/s/ Gordon J. Quist_____
                                               GORDON J. QUIST
                                               UNITED STATES DISTRICT JUDGE